United States District Court
for the district of Montana
Missoula division

NOV 24 2023
Clerk, U.S. Courts
District of Montana
Missoula Division

Spencer Gardner et al.     Case No.

     Plaintiffs

V.         Complaint for Violations

Missoula County et al.     Of civil Rights

     Defendants     (prisoner complaint)


Section I. Parties to this complaint
Section II. Basis for Jurisdiction
Section III. Prisoner status
Section IV. Statement of claim
Section V. Relief requests
Section VI. Exhaustion of administrative Remedies
Section VII. previous Lawsuits
Section VIII. Certification and Closing

Section I, Parties to this Complaint

Plaintiffs

Spencer Gardner

ID# 175146

Current institution: Missoula County Detention Facility

Current address: 2340 Mullan Rd Missoula MT 59808

All present and future pretrial detainees

All present and future convicted prisoners who are held after conviction

Defendants

-All defendants are being sued in their individual and offical capacities

Missoula County

Missoula County Sheriff Department

Unknown medical contractor and/or corperation

-All remaining defendants are employees of missoula county or missoula county Sheriff department or contractors or employees of contracted entities of those defendants

John Doe Sheriff

John Doe under Sheriff

John Doe Captain 1

John Doe Captain 2

John Doe Captain 3

John Doe Commander AKA Hash

Commander Kowalski

Tara Tackett Assistant Commander

2

## Section I continued

John or Jane Doe admin Staff

John or Jane Doe admin contract manager

John or Jane Doe medical Staff

John or Jane Doe medical Provider

Jane Doe Physicians assistant AKA Kelly

Jane Doe medical Staff AKA Brianna

John Doe Dental provider and/or Dental contractor

John or Jane Doe medical admin Staff

John Doe Officer Gruber

John Doe officer Performing melical movemant

## Section II. Basis For Jurisdiction

This is a civil action authorized by 42 V.S.C section 1983 to redress the deprivation by state or local offical, under color of law, of rights secured by the constitution of the united states. This court has Jurisdiction under 28 V.S.C. section 1331 and 1343(a)(3)

The district of Montana missoula division is an appropriate venue under 28 V.S.C. section 1391 (b)(2) as it is where the events giving rise to this claim occured

All defendants relevant to this action as employees and/or contractors of the county of missoula acted under color of law during all times relevant to this action

All defendants that are contractors of missoula county by the agreement to operate under contract with the county have agreed to step into the counties shoe's and are therefore acting under color of law

4

## Section III Prisoner Status

At the times relivant to this action the plaintiff believes that he was incarcerated as a pretrial detainee and/or a convicted prisoner. The plaintiff was arrested on August 15th 2022 where these claims begin, released multiple times and rearrested and was sentenced November 3rd 2023 and is still held in the missoula county detention facility

## Section IV Statement of claims

All dates of occurance of these claims are not remembered by the plaintiff. For the purposes of limitations and tolling all claims take place after August 15th 2022.

During the time of being housed in MCDF between the times of August 15th 2022 and January 2023 the plaintiff attempted to seek dental treatment for medical after a filling fell out and he was having tooth pain severe enough to deter the eating of some foods. The first appointment was refused by medical staff because plaintiff would not agree to having the tooth extracted before being seen by the dentist, plaintiff attempted to explain to officers that the action being taken by medical was a violation to his constitutional rights. No action was taken by officers to effect a change in medicals decision

5

Section IV Statement of Claims (continued)

After the occurance of the last visit to dental the physicians assistant had the plaintiff brought to her office to tell him to stop attempting to get fillings or a root canal done as it wasn't going to happen as it isn't in policy

Around the same time of the above occurances the plaintiff woke up with every muscle in his body stressed and strained and heard a loud poping sound from his knee followed by excrutiating pain. the plaintiff having a history of seizure disorder limped to the call box and pressed the button. while waiting for officers to respond he limped back to his bunk and while self-triaging his knee found a large lump which he believed to be a screw from the surgery that had dislocated. he informed the officers he believed he had a seizure and damaged his ACL and poped a screw loose from the bone and was having trouble walking officers immediatly retrieved a wheelchair and took him to medical where x-rays were ordered and the lump was marked with sharpie. after x-rays were taken the plaintiff was seen by the physicians assistant and was shown the x-ray. the lump turned out to be a large bone spur and was told by the physicians assistant "it isn't going to kill you so I wont do anything for it", after speaking with other prisoners the plaintiff learned the physicians assistant has made this exact same gratement to many of the prisoners housed in the jail maliciously and intentionally denying medical treatment to the plaintiff and those prisoners.

6

Section IV Statement of Claims (continued)

On the date of the second appointment scheduled by medical to see the dentist the plaintiff was brought to medical to see the dentist and had x-rays of his teeth made and reviewed by the dentist. during review the plaintiff asked if the tooth was savable. the dentist informed the plaintiff that he would need a root canal done but that the tooth was savable. the root canal was unable to be performed because the jail only allowed him to do extractions. the plaintiff then filed a grievance. the original grievance was denied and stated the dentist had stated the tooth needed to be extracted. the plaintiff later found that copies of the x-rays were not kept at the jail and that nobody had called the dentist to ask anything about x-rays or his expert opinion. the plaintiff appealed the grievance which was granted stating he would receive the treatment he required.

Upon returning to the dentist and bringing his copy of the granted grievance with him the dentist stated he would like to give the plaintiff the treatment he required but that the jail would not provide the required tools. the plaintiff was returned to his housing unit without treatment.

This extraction only policy has existed for years as far back as 2017 by the plaintiff's personal knowledge but has heard from other prisoners it carries back to well before that making this a de facto policy of the jail.

Section IV Statement of Claims (continued)

John Doe officer performing medical movement upon being informed that medicals decision to refuse me treatment based on my refusal to agree to a permenant and radical treatment without diagnosis stood idly by and did not attempt to stop medical from following through with their denial of treatment in a deliberately indifferant manner constituting a violation of the plaintiff's 8th and 14th amendment rights

John Doe Dental provider and/or Dental contractor as a trained medical professional and knowing the plaintiff was in pain was delibirately indifferent to the plaintiff's medical needs and being an expert in his field and consciencely knowing the action was wrong did nothing and took no action to effect change in the jails or the medical departments actions violating the 8th and 14th amendment rights of the plaintiff and the proposed class'

John or Jane Doe medical staff whom answered the grievance and stated that the dentist said my tooth needed to be extracted, not being a professional in the field of dentistry and without an expert's opinion or even the medical records to rely on intentionally and maliciously mislaid the facts in the answer of the plaintiff's grievance

Section IV continued

Jane Doe physicians assistant also known as kelly has acted maliciously with the intent to deny medical treatment to prisoners even if they are in severe or excruciating pain to the point even a basic laymen would know something is medically wrong constituting a violation of the 5th and 14th amendment rights of the Plaintiff and the proposed class'

Upon the transfer of the Plaintiff to MCDF to be housed and sentence a medical intake was performed in which he notified medical he was having pain where a hernia mesh was placed and believed something was wrong with it. Plaintiff was told he would be seen by the PA (physicians assistant) for it. A week later he still wasn't seen and his condition had worsened which he brought to the attention of the nurse and officers during pill pass and he was told they (the nurse) didn't know why he had not been seen yet. On the third week of his incarceration after filing a "kite" about his condition worsening he informed the nurse and officer that it had gotten so bad it was severely painful to move and walk which was met with the same response. About 2 days after informing medical about his condition getting severly worse he informed officers he was no longer able to urinate and hadn't been able too for about 12 hours. Plaintiff was brought to medical and catheter was used resulting in a small amount of urine and was returned to housing. At 5:15 PM about the Plaintiff informed officers that he still felt and intense need to urinate and was unable to. Officers called medical

Section IV continued

and it was decided I would have to wait until after shift change due to the facility schedule structure. After shift change Officer H. Rodrick informed me that he spoke to nurse Brianna and that she was refusing to see me until after facility med pass and that their conversation took place on camera and he was writing a report. Several hours later before the unit med pass was allowed to begin Officer Thompson brought the plaintiff to medical where nurse Brianna attempted to use a catheter and was unable to release any urine from plaintiffs bladder after which he was immediately transported to the hospital where after an ultrasound bladder scan determined he has 312mL of urine in his bladder used a foley catheter and returned him to MCDF a few days after the hospital visit the plaintiff was brought to medical to see the physicians assistant where she told him to stop having officers call medical because we have a "plan" in which she was going to send me to a urologist as the hospital recomended. when I asked her why she wanted me to stop having officers call medical when it was the nurses themselves that told me to do so if I was having those issues she reiterated because we have a plan and I dont like to see you.

during one of the events where I was having issues with the catheter I used the call box to speak to the cage and asked Officer Gruber to call medical as the nurses had asked me to and he refuse and gave me an untrue answer of why. I responded that "he was full of shit, being lazy, and did not want

10

## Section IV continued

to do his Job" and requested to speak to another officer. he responded No and I walked out into the day room. officer Gruber walked into the housing unit and directed me to lock down he was writing me up. when I asked to speak to the unit Sgt he said No and I told him "your refusing me access to the chain of command that's fine I'll ask another officer" and locked down in my cell. I pressed the button on my call box as Officer Gruber raced back to the cage and refused to let me speak to any other officer and ordered them as the senior officer on the unit not to answer me. I requested officer Wulff Write a report which he did.

Officer Gruber not being a medical professional and unable to Judge my medical needs maliciously blocked Plaintiffs access to medical treatment while the plaintiff was in severe pain and having serious medical issues, and after ward blocked access to the chain of command to challenge his actions constituting violations of plaintiffs 8th and 14th amendment rights

Jane Doe medical staff also known as brianna caused needless delay to plaintiff's medical treatment while the Plaintiff was in severe Pain and was deliberately different to plaintiffs medical needs violating the Plaintiffs 8th and 14th amendment rights

11

Section IV continued

During the time the foley catheter is being used it has caused physical injury and severe pain that could have been prevented by medical simply seeing the plaintiff and taking the time to diagnose the issue.

Missoula County being the county where the events occured giving rise to these claims and responsible for supervising the departments they fund have allowed the conduct of the sheriff department to continue with no intervention and the employees of said department having no fear of discipline for their actions have continued their conduct for such an extensive amount of time to make these actions by staff policy written or unwritten as a de facto county policy so permanent and well settled as to constitute a custome or usage with the force of law. Successful supervison also requires review of enacted policies and employee conduct which would require a general knowledge of these actions by subordinates. If the county is ignorant of these actions it would require a failure to perform the job they were elected or appointed to perform and must be considered a deliberate indifferance if knowledgable, or purposely negligent and turning a blind eye to conditions if no knowledge is claimed, constituting liability to the violations of the violations of the 8th and 14th amendment rights of the plaintiff and the proposed class

12

## Section IV continued

Missoula County Sheriff Department is responsible for all actions of their employees and all persons contracted with them and to perform as a supervisory control of all operations of the Jail. The extensive length of time that these violations have been allowed to occure and the requirement as a supervisory control to review all policies, procedures, and contracts and the failure to intercede on these issues which have been ruled on by federal courts since 1972 show a delibirate unwillingness to comply with previous court rulings and a failure of the department to fullfill the Job it was created for constituting a direct liability to the violations of the 8th and 14th amendment rights of the Plaintiff and the proposed class.

John Doe Sheriff being the head supervisor and responsible for reviewing all policy, procedure, and contracts and the conduct of all employees and all persons contracted with the department, having vast resources at his disposal to ensure compliance and proper conduct has failed to fullfill and perform the requirements of his elected office and is responsible and liable to the violations of the 8th and 14th amendment rights of the plaintiff and the proposed class.

John Doe Under Sheriff being the second in command of the department and responsible for the same duties as the sheriff with respect to Policy, procedure, contracts, and conduct has failed to fullfill and perform the requirements of his appointed office is

13

Section IV continued

responsible and liable to the violations of the 8th and 14th amendment rights of the plaintiff and the proposed class.

John Doe captain 1 being a direct supervisor of department operations and responsible for final review of policies, procedures, contracts, and conduct of employees and persons contracted with the department, having knowledge of operations of the jail and failing to intercede in those operations and effect change constitutes violations of the 8th and 14th amendment rights of the plaintiff and the proposed class.

John Doe captain 2 being a direct supervisor of department operations and responsible for final review of policies, procedures, contracts, and conduct of employees and persons contracted with the department, having knowledge of operations of the jail and failing to intercede in those operations and effect change constitutes violations of the 8th and 14th amendment rights of the plaintiff and the proposed class.

John Doe captain 3 being a direct supervisor of department operations and responsible for final review of policies, procedures, contract, and conduct of employees and persons contracted with the department, having knowledge of operations of the jail and failing to intercede in those operations and effect change constitutes violations of the 8th and 14th amendment rights of the plaintiff and the proposed class.

14

Section IV Continued

Commander Kowalski being one of the top supervisors and directors of the Jail operations being knowledgeable of all policies, proceedures, contracts and conduct of employees through reports and personal experience having been employed at the Jail for many years and moving up through the ranks at the Jail and failing to effect change in contracts or policies, or the conduct in employees or persons contracted with the department is directly liable for violations of the 8th and 14th amendment rights of the Plaintiff and the proposed class.

John Doe Commander previously Assistant Commander also known as Hash being one of the top supervisors and directors of the Jail operations being knowledgable of all policies, procedures, contracts, and conduct of employees and persons contracted with the department and failing to effect change in contracts or policies or the conduct in employees or persons contracted with the department is directly liable for violations of the 8th and 14th amendment rights of the plaintiff and the proposed class.

Tara Tackett Assistant Commander previously lieutenant being one of the top supervisors and directors of the Jail being knowledgable of all policies, procedures, contracts, and conduct of employees and persons contracted with the department. Being personally knowledgable of the conduct of medical personel, Dental procedures, conduct of officers, and personally answering many complaints and grievances as a SGT and proceeding through the ranks, having been employed by the sheriff departmen

15

Section IV continued

and working at the jail for many years and taking no action or attempting to intercede and effect change in conduct of employees and persons contracted by the department and/or policies, procedure, and contracts is directly responsable and liable for the violations of 8th and 14th amendment rights of the plaintiff and the proposed class

John or Jane Doe admin staff being related to the creation, amendment, and acceptance of policies and/or contracts would have knowledge of the proposed conduct of medical staff and their expenditures and awareness of the legal standing of the courts prior to enacting or accepting policies, and/or contracts from the legal review department or legal team contracted to review such policies and enacted or accepted them with deliberate indifference to the results of such action constituting liability to the violations of the 8th and 14th amendment rights of the plaintiff and proposed class'

John or Jane Doe admin contract manager having direct control over the contracts with medicle, knowledge of their policies, and access to the reports from legal review prior to accepting the contracts as sufficient with the defficiencies related within these claims, accepted contracts with direct knowledge of the harm they may cause constituting liability for the violations of the 8th and 14th amendment rights of the plaintiff and proposed class'

16

## Section IV continued

John or Jane Doe Medical provider being an expert in the field of medicine and responsible for the policies and procedures as well as the general operations and medical staff conduct allowed the medical department to operate outside the normal standard of care and promulgate policies that any medical professional would reasonably know were incorrect and violate the Hippocratic oath and causing permanent harm to patients violating the 8th and 14th amendment rights of the plaintiff and the proposed class'

Jane Doe Physicians assistant also known as Kelly 🔴 being a trained medical professional intentionally and maliciously ignored the outward signs of obvious medical issues related to the plaintiff and many other prisoners including issues that caused severe pain and caused inabilities to carry out daily life activities, made decisions that would prolong patient pain and suffering and denied medications without valid reason directly causing violations of the 8th and 14th amendment rights of the plaintiff and the proposed class'

John or Jane Doe medical admin staff being knowledgeable of the policies and operations of medical and responsible for forming policies of medical and being well informed about the minimal standards of such policies approved policies knowing said policies were well below acceptable standards constituting violations of the 8th and 14th amendments of the plaintiff and the proposed class'

## Section IV Continued

Unknown medical contractor and/or corporation being responsible for its contracts of all types, policies, procedures, and conduct of employees. Failed to review complaints and/or create a direct administrative remedy process as all grievances were processed by onsite staff with no grievance procedures to appeal to higher levels of medical admin leaving procedures deficient. Failed to create policies or contracts for Dental treatments that meet the minimum standards of care. Failed to create a policy or procedure for reporting of employee misconduct creating an environment where employees do not fear discipline and rampant with misconduct. Through indifference to conditions created by employees and complete failure to supervise and/or properly train employees created direct responsability for violations of the 8th and 14th amendment rights of the plaintiff and the proposed class'

18

Section V. Relief Requests

The following damages are requested from defendants by Plaintiff Spencer Gardner:

Missoula county $500,000 in compensatory damages

Missoula county sheriff department $500,000 in compensatory damages

John Doe Sheriff $300,000 in compensatory damages

John Doe Under Sheriff $300,000 in compensatory damages

John Doe Captain 1 $200,000 in compensatory damages

John Doe captain 2 $200,000 in compensatory damages

John Doe Captain 3 $200,000 in compensatory damages

Commander Kowalski $500,000 in compensatory damages

John Doe commander AKA Hugh $200,000 in compensatory damages

Tara Tackett $500,000 in compensatory damages

John or Jane Doe admin staff $300,000 in compensatory damages

John or Jane Doe admin contract manager $500,000 in compensatory damages

John or Jane Doe medical staff $500,000 in compensatory damages and $200,000 in punitive damages

John Doe Medical provider $500,000 in compensatory damages

Jane Doe Physicians assistant $500,000 in compensatory damages and $200,000 in punitive damages

Jane Doe Medical staff AKA Brianna $400,000 in compensatory damages

John Doe Dental provider and/or contractor $300,000 in compensatory damages

John or Jane Doe medical admin staff $500,000 in compensatory damages

John Doe Officer AKA Gruber $400,000 in compensatory damages and $20,000 in punitive damages

John Doe officer performing medical movement $250,000 in compensatory damages

19

## Section V Relief requests

Unknown medical contractor and/or coperation $1,000,000 in compensatory damages.

Any and all medical bills caused directly by defendants.

The following damages are requested from defendants by proposed plaintiff classes:

Any and all reasonable damages determined on a claim by claim basis to be distributed from a fund. fund amount to be determined by Jury or Judge

Any and all medical bills caused directly and/or indirectly by defendants

The following Permenant injunctions are requested by all plaintiffs:

All injunctions requested in the Motion for Preliminary injunction filed with the complaint

require that all medical decisions and treatments at the Jail or by outside provider be reviewed within 30 days by a medical doctor that does not have employment or current contract with the Jail or the defendants

Section VI
Exhaustion of administrative remedies

All claims arose while housed in the missoula county detention facility, which has a grievance procedure which prisoners are made aware of in a substantially limited fashion which officers refer too as the "rule book" which is made abaitable to some but not all prisoners on electronic tablets, grievance forms are not directly available to prisoners and have to be requested through officers whom always require the prisoner to wait until "mail pass" to receive the form which sometimes isn't delivered and requires the prisoner to wait until the next "mail pass" the next day.

Appeal forms are even less available as those are only passed out by SGT's and prisoners only ~~only~~ receive them at the time of signing the grievance and only if the grievance was brought by a sgt for the prisoner to sign it. About 50% of the time the grievance is delivered by an officer to sign.

The grievance procedure does not cover all claims as the Jail does not have control over outside entities and is conditionally unavailable to prisoners and the actual policy is effectually non existant as prisoners are unable to review it.

As stated in the statement of claims some grievances have been filed and granted or denied and even granted grievances have had no effect

21

Section VII Previous lawsuits

this plaintiff has had two previous lawsuits one of which
was dismissed after settlement and one of which filed under
informa pauperis resulted in a strike and dismissle. The court
had requested the plaintiff to amend the complaint while at the
prison but was unable.

Gardner v. missoula county et al.   Judge Dana Christiensen  Filed Aug 2019
Gardner v. Salmonsen        Judge unknown     filed June/July 2022

No cases are currently pending

22

## Section VIII Certification & Closing

By Signing below I certify to the best of my knowledge, information and belief that the statements of fact are true and correct and that this complaint complies with rule 11. I also agree to provide the clerks office with any changes to my address where I may be served with case related papers and failure to do so may result in dismissal of my case

Spencer Gardner

*Spencer Gardner*

Signed this 15th day of November 2023

23