IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SPENCER GARDNER,<br><br>     Plaintiff,<br><br>  vs.<br><br>MISSOULA COUNTY, JOHN/JANE<br>DOES 1-13, MEDICAL CONTRACTOR<br>d/b/a WELLPATH, MICHAEL HASH,<br>COMMANDER ZIEGLER,<br>COMMANDER KOWALSKI, TARA<br>TACKET, KELLY ANN KLAUBER,<br>BRIANNA CHRISTINE FREDRICK,<br><br>     Defendants. | CV 23-146-M-DWM<br><br><br><br>ORDER |

This matter is before the Court on an amended civil rights complaint filed by Plaintiff Spencer Gardner ("Gardner") under 42 U.S.C. § 1983.  (Doc. 18.) Gardner has also filed a Motion for Review of Amended Complaint, (Doc. 20), a Motion for Sanctions, (Doc. 24), and a Motion for Preliminary Injunction.  (Doc. 25.)  In his amended complaint, Gardner alleges Defendants denied him dental and medical care and also interfered with his right of access to the Courts by failing to preserve certain items of evidence.  (Doc. 18 at 14-20.)

Following the filing of the amended complaint, this matter was transferred to the undersigned. (Doc. 23.)  Defendants have now been directed to answer Gardner's amended complaint. (Doc. 26.)  Accordingly, to the extent that Gardner seeks review of the amended complaint and further opportunity to amend, (Doc. 20), the motion is moot in light of recent service upon Defendants.  The motion will be denied.

Gardner next seeks sanctions against Missoula County and Commander Ziegler for the purported destruction of electronically stored information.  (Doc. 24.)  Gardner believes he is entitled to default judgment based upon their failure to preserve evidence.  (*Id.* at 2-3)(citing Fed. R. Civ. Pro.  37(e)(2)).

In support of his motion, Gardner indicates he corresponded with County Attorney Brian West requesting preservation of electronic evidence and provides an exhibit outlining their communication.  *See* (Doc. 24-1.)  West informed Gardner that his request was overly broad and not relevant to his dental and medical care claims.  (*Id.* at 7.)  West advised Gardner to identify specific incidents relevant to his claims for which he was seeking retention of electronic information.  (*Id.* at 8.)  West also informed Gardner that records and documentation related to his treatment while incarcerated at Missoula County Detention Facility had been requested and would be retained.  (*Id.*)

Rule 37(e) authorizes a court to sanction a party for losing or destroying electronically stored information it had a duty to preserve. Accordingly, if electronically stored information "should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," a court:

(1) Upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) Only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

    (A)    Presume that the lost information was unfavorable to the party;

    (B)    Instruct the jury that it may or must presume the information was unfavorable to the party; or

    (C)    Dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

The rule establishes three prerequisites to sanctions: the electronically stored information should have been preserved in the anticipation or conduct of litigation, it is lost through a failure to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery. Only if these requirements are satisfied, does the rule permit sanctions.

At this early juncture, it is unclear whether or not the information sought is even relative to Gardner's litigation. Additionally, it is too soon to tell that, if relevant, the information has been lost and cannot be restored via discovery. As Gardner's own exhibits reveal, it appears Missoula County has requested and retained information relative to Gardner's lawsuit. Moreover, one of his claims involves the purported interference with access to the Courts. Gardner will be able to develop these claims as this action progresses. Accordingly, his motion for sanctions will be denied as premature.

Finally, Gardner seeks a preliminary injunction against individuals and entities that are not party to this suit. (Doc. 25.) Specifically, he requests that the State of Montana, Core Civic, and Wendy Eichhberg be directed from interfering with or delaying delivery of his legal mail. (*Id.* at 1.)

While this matter has been pending, Gardner was transferred from the Missoula County Detention Facility to the Montana State Prison, *see* (Doc. 15), and then to Crossroads Correctional Center. (Doc. 22.) Apparently while incarcerated at Crossroads, legal mail related to a lawsuit pending in the Eastern District of Washington was returned to the sender without notice to Gardner. *See* (Doc. 25-1 at 1-2.) Gardner has a pending grievance challenging the mail policy as it pertains to that instance. (*Id.* at 3-8.) Since his transfer, there is no indication

that mail from this Court has been returned by Crossroads Correctional Center as "undeliverable" or that its deliver has been delayed.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under

which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

The Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Applying the *Winter* factors, Gardner's request for a preliminary injunction will be denied.  First, Gardner has not yet demonstrated that he is likely to succeed on the merits of his case.  Although Gardner's claims were determined to be sufficient to warrant service following this Court's prescreening of his complaint, he must do more than merely state a claim for relief to demonstrate that he is likely to succeed on the merits.  *See e.g., Washington v. United States Dept. of Homeland Security*, 598 F. Supp. 3d 1051, 1066 (E.D. Wash. Sept. 14, 2020)(recognizing that

the preliminary injunction standard is more demanding than the lower

*Iqbal/Twombly* threshold of plausibility.).

Moreover, Gardner seeks an injunction against individuals who are not

parties to this lawsuit. He has provided no legal basis to support the undersigned's

authority to issue a preliminary injunction against non-parties. Moreover, Gardner

cannot establish that he will suffer irreparable harm absent this Court's

intervention. "Speculative injury does not constitute irreparable injury sufficient to

warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v.

Baldrige*, 844 F. 2d 668, 674 (9th Cir. 1988).

Similarly, the balance of hardships do not tip in Gardner's favor. This Court

is aware that judicial interference in correctional operations is highly disfavored.

*See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Myron v. Terhune*, 476 F. 3d 716,

719 (9th Cir. 2007)(federal courts should afford appropriate deference to state

officials managing a prison environment). The injunctive relief sought by Gardner

would involve this Court in interfering with the daily administration of mail

policies and procedures at Crossroads Correctional Center. The balance of equities

and hardships does not favor granting an injunction.

Finally, a preliminary injunction is not in the public interest for the same

reasons set forth above. Such an injunction would unnecessarily interfere with the

facility's administration. A service order has been issued and Defendants will

respond accordingly.  Gardner faces no demonstrable irreparable harm in the interim.  Accordingly, IT IS ORDERED that:

1.  Gardner's Motion for Review of Amended Complaint (Doc. 20) is DENIED as moot.

2.  Gardner's Motion for Sanctions (Doc. 24) is DENIED.

3.  Gardner's Motion for Preliminary Injunction (Doc. 25) is DENIED.

4.  At all times during the pendency of this action, Gardner must immediately advise the Court and opposing counsel of any change of address and its effective date.

DATED this 14th day of August, 2024.

Donald W. Molloy, District Judge
United States District Court