IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SPENCER GARDNER,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY, JOHN/JANE DOES 1-13, MEDICAL CONTRACTOR d/b/a/ WELLPATH, MICHAEL HASH, COMMANDER ZIEGLER, COMMANDER KOWALSKI, TARA TACKET, KELLY ANN KLAUBER, BRIANNA CHRISTINE FREDRICK,<br><br>Defendants. | CV 23-146-M-DWM<br><br>ORDER |

On November 15, 2024, Defendant Wellpath, LLC ("Wellpath") filed a suggestion of bankruptcy and notice of stay indicating that on November 11, 2024, Wellpath filed for bankruptcy in the United States Bankruptcy Court of the Southern District of Texas (Houston Division) for relief under chapter 11 of the United States Bankruptcy Code. (Doc. 37.) Based on the filing, an Order was entered staying these proceedings. (Doc. 40.) Plaintiff Gardner subsequently filed a motion requesting to lift the stay. (Doc. 41.)

Pursuant to Section 362 of the Bankruptcy Code, all actions against a

1

defendant who has filed a bankruptcy petition are automatically stayed once the petition is filed. 11 U.S.C. § 362(a)(staying "the commencement or continuation, including the issuance of reemployment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title"). Accordingly, all proceedings in this matter against Wellpath Defendants will remain stayed pursuant to 11 U.S.C. § 362(a).

Relying upon *Savioe v. Oliver*, 2024 U.S. Dist. LEXIS 219494, Gardner contends that the non-debtor defendants are not eligible for a stay of the proceedings under 11 U.S.C. § 362 and that the stay should be lifted relative to all defendants other than Wellpath. (*Id.*) Gardner further asserts that it is the burden of the party seeking a stay pursuant to § 105 to prove the need for one and that no unusual need has been shown by non-debtor defendants in this matter to support the automatic stay. (*Id.*)

In response, the County Defendants concede that ordinarily a stay of proceedings under 11 U.S.C. § 362 does not apply to non-debtor defendants. (Doc. 44 at 2.) The County Defendants request that the stay be lifted as to them, and that a date be set by which to file their reply to Plaintiff's response to their motion to dismiss. *See*, (Docs. 31 & 39.) The County Defendants note that they have not

2

sought a stay pursuant to 11 U.S.C. § 105 and acknowledge that Plaintiff's reliance upon *Savioe v. Oliver*, is persuasive.

Specifically, the County Defendants note that "by its express terms, the only entity to which the § 362 stay applies is the debtor. As such, it may not be extended to third parties such as the [d]ebtor's co-guarantors." (Doc. 44 at 3-4)(*citing Savoie*, 2024 U.S. Dist. LEXIS 219494). The County Defendants further acknowledge there are exceptions to this general rule, but that none of the exceptions are present in this matter. (*Id.* at 4-5)(additional citations omitted).

The Ninth Circuit has stated:

> As a general rule, "[t]he automatic stay of a section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor."

*In re Chugach Forest Prods., Inc.*, 23 F. 3d 241, 246 (9th Cir. 1994)(*quoting In re Advanced Ribbons & Office Prods.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991)). Further, the Court "does not have the jurisdiction to extend the stay to a non-debtor party." *Placido v. Prudential Ins. Co. of Am.*, 2010 WL 334744, at *1 (N.D. Cal. Jan. 21, 2010)("In order to apply the automatic stay outlined in 11 U.S.C. § 362 to a non-debtor party, the bankruptcy court must issue an extension of the stay under its jurisdiction.")(*citing Boucher v. Shaw*, 572 F. 3d 1087, 1093 (9th Cir. 2009)).

Given the procedural posture of these proceedings and the fact that the

3

County Defendants are not debtors in the related bankruptcy proceedings, the Court declines to continue the stay as to the County Defendants.

Accordingly, IT IS ORDERED:

1. The stay imposed relative to the Wellpath Debtor Defendants Brianna Christine Fredrick, Kelly Ann Klauber, Unknown Medical Contractors and/or Corporation, d/b/a Wellpath remains in effect. Counsel for these Defendants shall file a status report within **90 days** of this Order, and every ninety days thereafter, to advise the Court of the status of the bankruptcy proceedings.

2. Wellpath Defendants' Motion for Extension of Time (Doc. 42) is DENIED as moot.

3. Plaintiff Gardner's Motion to Lift Stay (Doc. 41) is GRANTED as to the County Defendants, including Captain Hash, Commander Kowalski, Commander Ziegler, Missoula County, Missoula County Sheriff's Department, and Tara Tackett. The County Defendants shall file their reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss within **21 days** of this Order.

4. Gardner's obligation to immediately advise the Court and opposing counsel of any change of address and its effective date remains ongoing.

DATED this 1st day of May, 2025.

Donald W. Molloy, District Judge
United States District Court