IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SPENCER GARDNER,<br><br>    Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY, JOHN/JANE DOES 1-13, MEDICAL CONTRACTOR d/b/a/ WELLPATH, MICHAEL HASH, COMMANDER ZIEGLER, COMMANDER KOWALSKI, TARA TACKET, KELLY ANN KLAUBER, BRIANNA CHRISTINE FREDRICK,<br><br>    Defendants. | CV 23-146-M-DWM<br><br>ORDER TO WELLPATH DEFENDANTS |

On May 1, 2025, an order was entered lifting the stay that had been previously imposed as to the County Defendants but leaving the stay in place relative to the Wellpath Defendants. *See*, (Doc. 45.) The Wellpath Defendants were directed keep the Court updated regarding the ongoing bankruptcy proceedings. (*Id*. at 4.)

1

Plaintiff Gardner filed a motion for sanctions (Doc. 47) and a motion to lift the stay as it applies to the Wellpath Defendants. (Doc. 48.) In support of his requests, Gardner asserts that the Wellpath Defendants have been evasive and incomplete in their disclosures and that the bankruptcy stay has since expired. (Doc. 47 at 1.)

Gardner provides limited information in support of his request for sanctions. He claims that Wellpath failed to identify parent companies and certified that it has none, which he believes is refuted by the corporate structure chart filed in the Bankruptcy Court. (Doc. 47 at 1.) Gardner also suggests that Wellpath has not updated this Court adequately regarding the bankruptcy proceedings. (*Id*.) Gardner asks that Wellpath be sanctioned and that $685.00 in legal and phone costs be imposed. (*Id*. at 2.)

Wellpath Defendants acknowledge that the automatic stay in the bankruptcy proceedings has now expired. The stay applicable to the Wellpath entities expired on May 9, 2025, while the stay applicable to the non-debtor defendants expired on May 7, 2025. (Doc. 50 at 2.) On May 1, 2025, the Bankruptcy Court entered an order confirming Wellpath's First Amended Joint Chapter 11 Plan of Reorganization; the Plan took effect on May 9, 2025. (*Id*.) Wellpath Defendants advise this Court that they are currently working with and awaiting further guidance from bankruptcy counsel regarding the handling of claims against Debtor

entities under the Chapter 11 Liquidating Plan. Counsel states they will provide additional information as soon as it becomes available. (*Id.*)

In response to Gardner's motion for sanctions, Wellpath contends that Federal Rule of Civil Procedure 37(c) is inapplicable, because no discovery has been served by Gardner, accordingly, no corresponding duty to disclose and/or supplement exists under Rule 26(a) or (e). (Doc. 51 at 2.) To the extent that Gardner argues that Wellpath's Corporate Disclosure is inadequate under Rule 7.1, Wellpath asserts Gardner has offered not factual basis, supporting document or legal authority to substantiate his claim. (*Id.* at 2-3.) The Court agrees.

As set forth herein, Wellpath has now updated the Court on the status of the bankruptcy proceedings. It appears that Wellpath understands its continuing duty to keep the Court appraised of developments in those proceedings. The stay imposed in the present matter will remain in effect temporarily, pending further update from Wellpath Defendants.

Accordingly, IT IS ORDERED:

1. For the reasons set forth herein, Gardner's Motion for Sanctions (Doc. 47) and Motion to Lift Stay (Doc. 48) are DENIED.

2. Counsel for the Wellpath Debtor Defendants Brianna Christine Fredrick, Kelly Ann Klauber, Unknown Medical Contractors and/or Corporation, d/b/a Wellpath shall file a status report within **30 days** of this Order and explain how

3

they believe the United States Bankruptcy Court for the Southern District of Texas proceedings in Case No. 24-90533 affects the instant matter.

    3.  Gardner's obligation to immediately advise the Court and opposing counsel of any change of address and its effective date remains ongoing.

DATED this 29th day of May, 2025.

_____
Donald W. Molloy, District Judge
United States District Court